```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
STANDARD INVESTMENT CHARTERED,      x
INC.,                               x
                                    x
              Plaintiff             x    07 Civ. 2014 (SWK)
                                    x
         -against-                  x
                                    x
NATIONAL ASSOCIATION OF             x    OPINION AND ORDER
SECURITIES DEALERS, INC., et al.,   x
                                    x
              Defendants.           x
------------------------------------X
```

**SHIRLEY WOHL KRAM, U.S.D.J.**

On May 2, 2007, the Court dismissed a class action complaint filed by the plaintiff, Standard Investment Chartered, Inc. ("Standard"), which challenged the pending regulatory consolidation of the National Association of Securities Dealers, Inc. ("NASD") and the NYSE Group, Inc. ("NYSE") (the "Consolidation"). The Court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(1). Standard now moves for reconsideration of the Court's decision.

**I.   BACKGROUND**

On March 8, 2007, the plaintiff, a member of the NASD, initiated the instant lawsuit, alleging that the Consolidation will disenfranchise certain NASD members and that the defendants failed to comply with Delaware state law while soliciting support for the Consolidation. Just days after filing its complaint, Standard filed a request for expedited discovery in

aid of an anticipated motion to preliminarily enjoin the Consolidation. Against the defendants' wishes, Standard was granted limited expedited discovery for the purposes of that motion. See Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers ("Standard I"), No. 07 Civ. 2014 (SWK), 2007 WL 1121734 (S.D.N.Y. Apr. 11, 2007). Shortly thereafter, however, the Court dismissed Standard's amended complaint for failure to exhaust its administrative remedies before the Securities and Exchange Commission ("SEC"). See Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers ("Standard II"), No. 07 Civ. 2014 (SWK), 2007 WL 1296712 (S.D.N.Y. May 2, 2007).[1]

In its dismissal of the complaint, the Court recognized that the Consolidation, and the "one-time special member payment" associated with the Consolidation (Am. Compl. ¶ 26), could not take effect absent SEC approval of By-law amendments passed by the board and membership of the NASD. Because the NASD's exercise of its rulemaking authority is subject to SEC oversight, the Court concluded that Standard was obligated to exhaust its administrative remedies by challenging the By-law amendments, and the procedures incident thereto, such as the proxy solicitation, before the SEC. In the event of an adverse ruling by the SEC, the Court noted, Standard retained the right

---

[1] Familiarity with the Court's previous opinions and the context of this litigation is presumed.

to appeal the SEC's action to the United States Court of Appeals. See Standard II, 2007 WL 1296712, at *8. On May 17, 2007, Standard filed a motion requesting that the Court reconsider its order dismissing the complaint.

**II.  DISCUSSION**

Although Standard does not indicate the precise basis of its motion, Local Civil Rule 6.3 governs motions for reconsideration of a court order determining a previous motion. The application of Rule 6.3 is commonly informed by the standards applied on motions to alter or amend a judgment under Federal Rule of Civil Procedure 59 and motions for relief from judgment under Federal Rule of Civil Procedure 60. Yet regardless of which of those provisions is invoked, a motion for reconsideration may only be granted if the movant "demonstrate[s] controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision." Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (considering motion under Rule 6.3 and Rule 59(e)); accord DGM Invs., Inc. v. N.Y. Futures Exch., Inc., 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003) (considering motion under Rule 6.3 and Rule 60(a)). "The Court recognizes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and

3

conservation of scarce judicial resources." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation and internal quotation marks omitted).

Standard's motion asserts three grounds for reconsideration: (1) the Court overlooked that SEC review is limited to federal securities law enforcement issues, and thus the SEC will not address Standard's proxy claims; (2) "newly discovered evidence" establishes a claim focused upon defendants' deception of NASD members with respect to the existence of a ceiling on NASD member payments; and (3) the Court overlooked that Standard's core damages claim is exempt from exhaustion because the SEC review process provides no genuine opportunity for adequate monetary relief. Keeping in mind the narrow jurisdictional grounds underlying the Court's dismissal of this action and the limited scope of a motion for reconsideration, the Court considers the propriety and, where appropriate, validity, of each of these arguments in the paragraphs that follow.

First, Standard argues that the proxy claims asserted in the complaint are not within the scope of the SEC's pending review. This same issue was centrally argued on the underlying motion to dismiss. Therefore, this argument is at least facially appropriate on a motion for reconsideration. However, Standard's motion does not present any controlling law or factual matters

4

previously overlooked by the Court; rather, the motion reasserts variations on a number of arguments considered and rejected in the context of the underlying motion.

Standard argues that the SEC's involvement in this rulemaking, particularly its failure to explicitly request comment as to the proxy solicitation, demonstrates that the SEC does not deem the proxy solicitation to be part of the proceedings before it. This argument merely echoes Standard's previous arguments that the SEC is somehow impotent, disinterested, or biased with respect to the procedures incident to the rulemaking here. However, the Court has already concluded that Standard may demonstrate these inadequacies either by attempting to exhaust its administrative remedies or by "point[ing] to prior demonstrated inadequacies." Standard II, 2007 WL 1296712, at *5 (quoting Bruan, Gordon & Co. v. Hellmers, 502 F. Supp. 897, 908 (S.D.N.Y. 1980)). Therefore, absent any indication that the SEC has ignored Standard's claims, or refused to consider analogous claims, Standard's bald assertions that the SEC does not deem the underlying claims to be part of the proceedings before it are without merit.

Standard's invocation of previous self-regulatory organization ("SRO") restructurings and demutualizations does not demonstrate the inadequacies of SEC review because Standard does not provide any indication that the SEC ignored concerns

5

that were actually raised in previous proceedings related to those transactions. As noted in the Court's previous Opinion, the fact that issues that were not raised in previous proceedings has little bearing on whether the SEC will consider such issues in the present setting. Standard II, 2007 WL 1296712, at *9. The same reasoning applies with respect to Standard's reference to SEC Concept Releases. That the Concept Releases cited do not concern the SEC's consideration of proxy solicitations in the context of exchange demutualizations does not establish that the SEC, if confronted with such an issue, would decline to consider it.

Furthermore, with respect to the Court's observation that aggrieved parties must attempt to exhaust their remedies prior to claiming that exhaustion is futile, Standard cannot argue that its underlying claims have been ignored or are not within the scope of the SEC review here. Standard acknowledges that it has submitted an objection to the SEC, and that it has asked the SEC to review the expedited discovery materials that have been obtained through this litigation. Standard's claims are squarely before the SEC. If Standard wishes to challenge the SEC's authority to consider its claims, it retains the right to appeal this Order directly to the Court of Appeals, or to appeal any decision eventually reached by the SEC regarding the By-law amendments. However, this Court has already determined that the

6

SEC possesses the authority to evaluate the substance of Standard's claims, and Standard has offered no argument that would justify reconsideration of the Court's determination.

Second, Standard argues that discovery has established a focused breach of fiduciary duty claim. (Pl.'s Reconsideration Br. 10-17.) This argument is not properly made on this motion for reconsideration because it is irrelevant to the grounds on which the underlying motion was decided. The Court dismissed the complaint on the limited basis that challenges to the By-law amendments, and the procedures incident to that rulemaking, must proceed before the SEC in the first instance. The Court did not pass upon the merits of any of the plaintiff's claims, including the breach of fiduciary duty claim, but reasoned that the substance of those claims must first be directed to the SEC's ongoing review of the By-law amendments. In short, the merits of Standard's claims still have no bearing on the Court's conclusion that the claims themselves are subject to exhaustion. To the extent that Standard argues that the documents underlying its "focused" claim will not come before the SEC during the Commission's review, Standard has already brought the existence of allegedly relevant documents to the SEC's attention, and the SEC has the authority to solicit any material that it considers necessary to its review. See, e.g., 15 U.S.C. § 78u.

Third, Standard attempts to salvage its "core damages claim" by arguing that SEC exhaustion provides no genuine opportunity for adequate relief and that its damages claims are exempt from exhaustion. The Court finds neither of these arguments persuasive.

In support of the former contention, Standard rehearses its claims for damages under several different theories, but fails to contradict the Court's conclusions that only actual damages claims are exempt from exhaustion and that Standard's allegations do not demonstrate that it will sustain any actual damages unless, at a minimum, the SEC approves the By-law amendments following its review. These conclusions were central to the Court's distinction of Standard's claims from those of a plaintiff whose damages claims were exempted from exhaustion because the plaintiff sought "compensation for past harm." See Standard II, 2007 WL 1296712, at *7 (citing Barbara v. New York Stock Exch., 99 F.3d 49, 57 (2d Cir. 1996)). The SEC's inability to award damages is irrelevant where, as here, monetary damages have not yet been sustained and the SEC has the ability to provide complete relief to the plaintiff by rejecting the proposed By-law amendments or utilizing the various other powers at its disposal. See id. (citing Swirsky v. Nat'l Ass'n of Sec. Dealers, 124 F.3d 59, 62 (1st Cir. 1997)).

8

This analysis applies to all of Standard's claims, including a newly asserted claim, which was first introduced in the motion for reconsideration, that the prospective class is entitled to a "control premium" for the diminished control over the NASD that allegedly resulted from the NASD members' vote in favor of the By-law amendments. A vote pursuant to SRO rulemaking has no operational effect until it has been reviewed and approved by the SEC. 15 U.S.C. § 78s(b)(1). Therefore, there can be no damages stemming from the vote on the By-law amendments until the SEC has approved the rulemaking. Because the SEC has the power to grant Standard complete relief on the newly-asserted "control premium" claim by disapproving the By-law amendments, that claim does not affect the Court's exhaustion analysis. Furthermore, as noted supra, Standard's argument that discovery demonstrates the merits of this new claim is entirely irrelevant to the Court's analysis of whether the substance of the claim as pleaded is subject to exhaustion.

Finally, Standard argues for the first time in its reply brief that the doctrine of primary jurisdiction, rather than exhaustion, should be applied to its complaint, and thus the Court should stay, rather than dismiss, this action. However, assuming *arguendo* that the doctrine of primary jurisdiction applies here, the Court would have discretion to either stay the action or dismiss it. See Johnson v. Nyack Hosp., 86 F.3d 8, 11

(2d Cir. 1996). In this instance, the Court has chosen the latter option. That choice is especially appropriate here, where Standard did not seek a stay under the doctrine of primary jurisdiction until filing its reply brief, thereby depriving the defendants of an opportunity to address that argument.

**III. CONCLUSION**

For the reasons above, the plaintiff's motion for reconsideration is denied. The Court will address the NASD's pending motion for a protective order and the NYSE's request to maintain documents under seal in a subsequent order.[2]

---

[2] In support of its motion for reconsideration, Standard sought leave to file various discovery documents under seal. The NYSE objected to the inclusion of certain documents that, because of a confidentiality agreement governing the NASD's document production, Standard sought to keep hidden from the NYSE, despite the fact that those documents might affect the NYSE's legal rights. The Court granted Standard leave to file the requested documents under seal with the exception of these "NASD-only" documents. With respect to that subset of documents, the Court indicated that it would consider granting Standard leave to amend the motion for reconsideration in order to include those documents only if a protective order governing their use was entered. To the extent that the motion for a protective order has now been briefed, neither Standard nor the NASD has addressed how the NASD-only documents should be treated, instead advocating "all-or-nothing" approaches to the protection or publication of the documents produced in this litigation. Moreover, the Court has found all of the documents submitted with the motion for reconsideration irrelevant to its exhaustion analysis. The context of Standard's redacted references to the NASD-only documents in its motion for reconsideration gives the Court no reason to believe that the remaining NASD-only documents would be relevant to this motion. Therefore, the Court now formally rejects Standard's request to submit the NASD-only documents in its motion for reconsideration.

SO ORDERED.

_____
SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         July 13, 2007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 13, 2007
```