```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
STANDARD INVESTMENT CHARTERED, INC.,   :
                                       :
                    Plaintiff,         :      07 Civ. 2014 (JSR)
                                       :
          -v-                          :      OPINION AND ORDER
                                       :
FINANCIAL INDUSTRY REGULATORY          :
AUTHORITY, INC., FORMERLY KNOWN AS     :
NATIONAL ASSOCIATION OF SECURITIES     :
DEALERS, INC. et al.,                  x
                                       :
                    Defendants.        :
------------------------------------
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-16-10
```

JED S. RAKOFF, U.S.D.J.

Pending before the Court are the consolidated motions of interveners Dow Jones & Company, Inc. d/b/a Barron's, The New York Times, and Bloomberg L.P. to lift the protective order in this case that seals certain financial data contained in correspondence between the Internal Revenue Service (the "IRS") and former defendant National Association of Securities Dealers, Inc. ("NASD"), now part of the Financial Industry Regulatory Authority, Inc. ("FINRA"). The motion raises interesting issues in what Prof. Frederick Schauer has usefully called "vertical precedent," i.e., the obedience that lower courts owe to prior decisions of higher courts regardless of whether the lower courts agree or disagree with those decisions.[1]

The data in question were sealed by my late colleague, the Honorable Shirley Wohl Kram, to whom this case was originally

---

[1] Schauer, Thinking Like A Lawyer (2009) at 36.

assigned, who devoted considerable thought and energy to the issues raised by the sealing of various materials in this case. See Standard Investment Chartered, Inc. v. National Ass'n of Securities Dealers, Inc., 621 F. Supp. 2d 55 (S.D.N.Y. 2007)("Standard I") and Standard Investment Chartered, Inc. v. National Ass's of Securities Dealers, Inc., 2008 WD 199537 (S.D.N.Y. 2008)("Standard II"). With respect to the IRS data here in issue, Judge Kram concluded that "[d]isclosure could cause NASD significant competitive disadvantage," Standard II at 8, because competitors and those with whom NASD contracts could, upon obtaining the data, figure out NASD's (and now FINRA's) negotiating strategy. Id. at 6-8.

If this Court were writing on a clean slate, it might disagree with the conclusion that disclosure of the IRS data could provide material information about NASD's/FINRA's negotiating strategy beyond the particular transactions involved in the instant litigation, and the Court might also conclude that, in any event, the risk of such harm is more than outweighed by the public and private interest in the disclosure of this information. See Lugosch v. Pyramid Co., 435 F.3d 110 (2d Cir. 2006). But even then, the Court might hesitate to reverse a prior ruling by the district court on which the parties had for two years relied. See, e.g., SEC v. TheStreet.com, 273 F.3d 222, 229-30 (2d Cir. 2001) (protective orders have a "strong presumption

against modification" absent a showing of significant need or significantly changed circumstances).

Here, however, Judge Kram's sealing of the IRS data was directly appealed to the Second Circuit Court of Appeals. <u>Standard Investment Chartered, Inc. v. Financial Industry Regulatory Authority, Inc.</u>, 2009 WL 2778447 (2d Cir. 2009). In a Summary Order issued less than six months ago, that Court not only held that Judge Kram's ruling was not an abuse of discretion but also went on to state: "Even upon <u>de novo</u> review, arguably appropriate in light of First Amendment considerations, we would still affirm the District Court, given the limited public, as distinguished from private, interest in disclosure on the facts of this case." <u>Id.</u> at 3.

While a Summary Order does not serve as precedent with respect to other cases, it unquestionably is binding with respect to future proceedings in the very same case in which it is decided. The intervenors here try to escape this inescapable fact by arguing, first, that they were not a party to the proceedings before Judge Kram or the appeal from her decision and therefore have an independent right to be heard, and, second, that circumstances have materially changed since Judge Kram made her order in ways that permit this Court to reconsider the matter. Neither argument is persuasive. While the New York Times, by its own choice, did not seek to formally intervene in Judge Kram's proceeding, it wrote her a letter urging disclosure, and that letter was cited no fewer than seven times by Standard

3

Investment Chartered in its appeal from her decision. As for changed circumstances, the primary one raised by the intervenors is the fact that defendant Mary Schapiro has moved from one regulatory position as head of FINRA to a higher regulatory position of Chair of the Securities and Exchange Commission; but this does not materially alter the bases for Judge Kram's and the Second Circuit's analysis. More generally, if promotion of a public figure to a position of even greater public scrutiny were a sufficient basis to revoke a sealing order, no public figure could ever rely on a sealing order and the presumption in favor of the continuation of such orders, see SEC v. TheStreet.com, supra, would become the plaything of fortuity.

Beyond all this, it is doubtful that a district court, absent the most extraordinary circumstances, could ever refuse to follow the ruling of the Court of Appeals rendered just six months prior on the very same issue in the very same case. What Hilda is to Rumpole, the Court of Appeals is to this Court: she who must be obeyed.

Accordingly, the motion of the interveners to unseal the financial data in the IRS correspondence is hereby denied.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       February 15, 2010